JOURNAL ENTRY and OPINION
Defendant-appellant Robert Moore appeals from the trial court's determination that he be classified as a sexual predator pursuant to R.C. 2950.09(B). For the reasons adduced below, we affirm the ruling of the trial court.
The appellant timely filed the within appeal challenging his classification as a sexual predator. The appellant assigns five errors for this court's review. Three of the assignments of error raise constitutional issues substantially indistinguishable from those that the Ohio Supreme Court resolved in State v. Williams
(2000), 88 Ohio St.3d 515, State v. Cook (1999), 83 Ohio St.3d 404
and that this court addressed in State v. Ward (1999), 130 Ohio App.3d 551,720 N.E.2d 603. Therefore, assigned errors two through four are overruled.[1]
On March 19, 1981, the appellant plead guilty to one count of corruption of a minor and one count of robbery. On the same day the appellant plead guilty to one count of rape in a separate unrelated case.
The appellant's corruption of a minor charge arose out of an incident in which the appellant was having intercourse with and acting as a pimp for a fourteen-year-old girl who had run away from home. The robbery charge arose out of an incident where the appellant held up a gas station. During the robbery, the appellant held a shotgun to the back of the station clerk. The rape charge related to an incident where the appellant and another man repeatedly and forcibly raped a twenty-four-year-old girl to whom they had offered a ride. The victim states that the appellant stripped her of all her clothing and then told her that he would knock my teeth out if I didn't open my legs to have sex with him.
Prior to the appellant's release date, on June 28, 1999, the trial court held a hearing to determine whether the appellant should be classified as a sexual predator in accordance with R.C.2950.09(B)(2). Subsequent to the hearing, the trial court issued an Opinion and Order which found that the appellant should be classified as a sexual predator based on an evaluation of the appellant's likelihood to re-offend under the factors delineated in R.C. 2950.09(B)(2). The trial court specifically cited the appellant's lengthy prior criminal record, the age of the victim in the corruption of a minor charge, the fact that there were multiple victims and multiple offenses and the pattern of sexual abuse demonstrated by the appellant as the factors underlying its decision.
The appellant's first assignment of error states:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
In State v. Ward, supra, this court stated that in making a determination as to whether an offender is likely to commit a sexually oriented offense in the future, a court must decide whether there exists proof that produces a firm belief of conviction that an offender will more likely than not commit another sex offense in the future.
In addition to the two sexual offenses involved in this appeal, the appellant has also been indicted on three additional counts of rape, three additional counts of kidnapping in connection with rape, and one count sodomy. Each of these charges were eventually disposed of without prosecution. Additionally, the appellant had an extensive juvenile and adult criminal record involving theft crimes, drug offenses, and crimes against property. R.C. 2950.09(B)(2)(b) instructs that the trial court shall consider the offender's prior criminal record, regarding all offenses, including, but not limited to, all sexual offenses.
The appellant's brief herein repeatedly asserts that the trial court's determination that the appellant should be classified as a sexual predator was not supported by clear and convincing evidence because there was testimony introduced at the hearing from a psychologist that the appellant was not likely to re-offend. Having reviewed the testimony in question, we conclude that the trial court did not err in finding that the testimony was inconclusive as to the likelihood of the appellant to re-offend.
The appellant introduced the testimony of psychologist James DeFeo at the hearing. DeFeo was employed by the Ohio Department of Rehabilitation and Corrections where he was a supervisor in the Monticello Program dealing with incarcerated sex offenders. DeFeo stated that he worked with the appellant through the Monticello Program from December, 1997 to December, 1998.
DeFeo admitted that it was extremely difficult to predict future human behavior and agreed that the best predictor of future behavior is past behavior. DeFeo stated that none of the appellant's indictments on other sex crimes were considered as factors in reaching a conclusion on his likelihood to commit future sexual offenses. Two of the methods used by DeFeo to test the likelihood that the appellant would commit one or more sex crimes upon release were the Rapid Risk Assessment for Sex Offender Recidivism (RRASOR) and the Minnesota Sex Offender Screening Tool (Minnesota).
DeFeo testified that under the criteria used in the RRASOR assessment that the appellant was considered a high risk to commit additional sex offenses upon release. Using the Minnesota scale, the appellant received a score of 46, making him a medium risk to engage in future sex crimes. (Tr. 32.) This score means that 46% of sex offenders receiving the same score as the appellant would be correctly classified as high risk and that 54% of the offenders would be incorrectly classified as high risk. Additionally, the appellant's score on the Minnesota scale placed him at greater risk to re-offend than 71% of the other sex offenders in the program.[2]
(Tr. 32-33.) DeFeo stated that he did not have an opinion about how to interpret the scores in terms of classifying somebody for notification.
DeFeo testified on cross-examination that the appellant had not shown remorse for his crimes during his participation in the Monticello Program and that this fact was not factored into his results under either the RRASOR or the Minnesota risk rating systems. DeFeo also confirmed the validity of prison records which indicated that the appellant was twice dropped from the Monticello Program for poor attendance.
In its order classifying the appellant as a sexual predator, the trial court extensively referenced the testimony of DeFeo. The trial court correctly concluded that the appellant's score on the Minnesota test, which indicated that he was a moderate risk to re-offend, was not the same as a finding that the appellant was not likely to re-offend and was, therefore, not dispositive of the issue of whether the appellant should have been classified as a sexual predator, especially given the finding on the RRASOR test which classified the appellant as a high risk to re-offend.
In its ruling the trial court also quoted from the appellant's November 11, 1998 Pre-Parole Mental Health Evaluation in which Dr. James Turek, a psychiatrist with the Monticello Program, opined:
 * * * this inmate presents a moderate to high risk of further sexual offenses and potential violence in the community. * * * It is also highly recommended that he not seek employment nor social outlets in areas where he is apt to come into contact with young females, such as schools, sports events or youth groups.
DeFeo testified that he agreed with Turek's evaluation and recommendation.
After thoroughly reviewing the underlying facts in this case, we are satisfied that the trial court sufficiently reviewed the entirety of the record and considered all of the appropriate factors specified in R.C. 2950.09(B)(2) in reaching its determination. The trial court's determination was supported by the clear and convincing evidence in the record.
This assignment of error is overruled.
The appellant's fifth assignment of error states:
 V. THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW HEARSAY TESTIMONY SOUGHT TO BE INTRODUCED BY THE APPELLANT WHERE IT READILY ALLOWED ONLY HEARSAY TESTIMONY BY THE STATE OF OHIO.
As he did in his arguments and in his brief concerning the first assignment of error, the appellant here mischaracterizes the record. The trial court did not refuse to permit any testimony from Mr. DeFeo. After Mr. DeFeo started testifying as to the results of a research article concerning the classification of offenders based on their score on the Minnesota screening tool, the trial court intervened merely to make sure that the witness was competent to testify on interpreting the Minnesota screening tool from his own experience and was not just reading from a scholarly article. The trial court inquired of Mr. Defeo if he used the test in his everyday job. Mr. DeFeo answered that he did in fact use the test in his everyday job. At this point the trial court simply stated [l]et's get on with this. Thus, the trial court did not refuse to allow any testimony offered by Mr. DeFeo. This assignment of error is devoid merit and is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ MICHAEL J. CORRIGAN, JUDGE
 DYKE, A.J., and PORTER, J., CONCUR.
[1] Appellant's assignments of error two through four state:
 II. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
 III. THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMATICALLY FLAWED.
 IV. THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A SEXUAL PREDATOR BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1 AND 2 OF ARTICLE I OF THE OHIO CONSTITUTION AS WAS HELD BY THE ELEVENTH DISTRICT IN STATE V. WILLIAMS.
[2] It is important to note that the population which the appellant's Minnesota score is being compared to is other sex offenders, not the population at large. According to DeFeo's testimony, only the upper 20% of sex offenders in the program are classified as high risk using the Minnesota scale.